**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE NEW MOUNTAIN LAUREL RESORT & SPA, LLC,<br><br>                  Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 22-40620-jmm |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE,<br><br>                  Movant,<br><br>         v.<br><br>THE NEW MOUNTAIN LAUREL RESORT & SPA, LLC,<br><br>                  Respondent. | Related to Doc No. 70<br><br><br>Response Deadline:  July 13, 2022<br><br>Hearing Date:  July 27, 2022<br>Hearing Time:  10:30am |

**LIMITED OBJECTION BY THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE TO DEBTOR'S PLAN OF REORGANIZATION**

The Commonwealth of Pennsylvania, Department of Revenue ("Revenue"), by and through its counsel, Allison L. Carr, Senior Deputy Attorney General, Pennsylvania Office of Attorney General, does hereby file this Limited Objection to the confirmation of the Debtor's Plan of Reorganization dated June 23, 2022, and states as follows:

1. On March 25, 2022 (the "Petition Date"), The New Mountain Laurel Resort & Spa, LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court") at Case No. 22-40620-jmm (the "Bankruptcy Case").

2. The Debtor elected to proceed under Subchapter V of the Bankruptcy Code as a small business debtor. The United States Trustee appointed Heidi J. Sorvino as the Subchapter V Trustee.

3. On April 13, 2022, Revenue filed its proof of claim for unpaid sales taxes and employer withholding taxes incurred prior to the Petition Date in the amount of $276,503.71, of which $204,737.48 is a priority claim pursuant to section 507(a)(8) of the Bankruptcy Code, and $71,766.23 is a general unsecured claim (the "Prepetition Claim"). *See* POC 2-1.

4. On June 23, 2022, the Debtor filed its Plan of Reorganization (the "Plan"). [Doc No. 70.] On July 7, 2022, the Debtor filed its Supplement to Debtor's Plan of Reorganization. [Doc No. 77.]

5. On July 12, 2022, Revenue filed its Administrative Claim pursuant to section 503(b)(1)(B) of the Bankruptcy Code for unpaid sales taxes and employer withholding taxes for the first quarter of 2022 ("1Q22") due and owing on April 20, 2022, in the amount of $21,845.43 (the "Administrative Claim"). *See* POC 18-1.

6. Section 1129(a)(9)(A) of the Bankruptcy Code requires that, on the effective date of the plan, the holder of an administrative claim shall receive on account of such claim cash equal to the allowed amount of such claim.

7. The Plan proposes to pay all Allowed Administrative Claims[1] on or before fourteen (14) days after the Effective Date of the Plan, and states that the estimated amount of the Administrative Claims is $75,000.00.

8. Neither the Plan nor the supplement provide an itemized breakdown of the claims to be paid. It is unclear if the amounts due under Revenue's Administrative Claim were known to

---

[1] Capitalized terms not otherwise defined herein shall have the mean prescribed to them in the Debtor's Plan.

the Debtor at the time the Plan was proposed and are included in the estimated amount of $75,000.00.

9. Revenue seeks the clarification that (a) Revenue's Administrative Claim shall be paid under the Plan as an Allowed Administrative Claim, and (b) the priority portion of Revenue's Prepetition Claim shall be paid under the Plan as a Priority Tax Claim.

10. Additionally, Revenue objects to the Plan in that the Plan appears to attempt to restrict Revenue's ability to exercise its state court remedies against non-debtor parties that are properly assessed, in violation of the discharge limitations of section 524(e) of the Bankruptcy Code.

11. Any provision that purports to prevent Revenue's ability to collect against properly assessed non-debtors could foreclose the only avenue available for the collection of Revenue's claims should Revenue's claims not be paid in full through the bankruptcy estate or should new trust fund debt accrue before confirmation of the Plan.

12. Revenue hereby reserves the right to amend, revise, or supplement this objection, and object to any further plan supplement, amended plan, or other documents filed with the Bankruptcy Court after the filing of this objection, in accordance with the Bankruptcy Code.

WHEREFORE, the Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that this Honorable Court deny confirmation of the Debtor's Plan of Reorganization unless and until the relief requested herein is remedied, and to provide such other and further relief as this Court deems just and proper.

DATE:  July 13, 2022

Respectfully submitted,

JOSH SHAPIRO
ATTORNEY GENERAL

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
T: (412) 339 – 2308
F: (717) 772 – 4526
E-mail:  ACarr@attorneygeneral.gov

By:   */s/ Allison L. Carr*
ALLISON L. CARR
Senior Deputy Attorney General
PA ID No. 203815

MELISSA L. VAN ECK
Chief Deputy Attorney General
Financial Enforcement Section